# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

Todd Coleman, *et al.*,

        Plaintiffs,                   Case No. 3:19-cv-374

v.                                           Judge Thomas M. Rose

Trophy Nut Company,

        Defendants.

---

**ENTRY AND ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION. ECF 13.**

---

This matter is before the Court on Plaintiffs' Motion for Conditional Class Certification. ECF 13. Defendant Trophy Nut Company opposes the motion. ECF 19.

Defendants assert Plaintiff cannot demonstrate that the employees included in the collective definition are similarly situated. ECF 19. Defendants further assert Plaintiff and the members of the collective would differ in the time they spent on preliminary activity and whether such time was subject to a *de minimis* defense.

Plaintiffs have moved the Court, pursuant to Federal Rules of Civil Procedure 26(b), 37(a), and 83(b) and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), for an order: conditionally certifying this case as a collective action; approving the Plaintiff's proposed notices and methods of disseminating notice; ordering Defendants to provide name and contact information for all potential class members within 14 days of the Court's order; and authorizing a

90-day opt-in period.

The collective action provisions of the FLSA, 29 U.S.C. § 216(b), authorize a trial court to issue court-supervised notice to potential class members. In *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), the Court reasoned that the class action provision of the FLSA conferred upon trial courts the authority to manage the process of joining additional parties. 493 U.S. at 169–73. District court rulings on certifications of FLSA class actions are reviewed for an abuse of discretion. *White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 873 (6th Cir. 2012).

There is a two-tiered process for notice to an FLSA class: first a conditional certification stage, followed by a decertification stage after the close of discovery. Id. In the conditional certification stage, a plaintiff's burden is to show the existence of other employees who appear to be similarly-situated in both their job duties and the employer's treatment of their entitlement to overtime pay. See, e.g., *Theissen v. General Electric Cap. Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001); *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). This determination is distinct from the merits of the named plaintiffs' claims. *Theissen*, 267 F.3d at 1106–07. In the conditional certification stage, a liberal standard for measuring similarly-situated employees is used. *Hipp*, 252 F.3d at 1208; accord *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995) ("lenient standard").

In the instant case, Plaintiff and other non-exempt hourly workers like him worked in and around raw and cooked food. The pre-shift sanitation process Plaintiff alleges Defendant required would therefore be necessary, integral, indispensable, and intrinsic to their job duties. It is also alleged that Defendant has a class-wide policy of not paying Plaintiff and those like him for

this allegedly compensable work. Likewise, the submitted evidence shows that it was not administratively impossible for Defendant to accurately record this unpaid compensable work. And, Plaintiff and the putative class worked overtime hours that were unpaid as a result of Defendant's alleged class-wide violations.

Plaintiff has satisfied his "fairly lenient" burden at this first "notice" stage of conditional certification. He has made the "modest factual showing" through pleadings and sworn declarations, tethered to Defendant's admissions and video submission, that his position is similar, even if not identical, to the positions held by the putative class members. He has shown that they were subjected to a single decision, policy, or plan. He has also shown that his claims, and the claims of the putative collective, are "unified by common theories of defendant's statutory violations."

The "similarly situated" employees for whom Plaintiff is seeking conditional certification are only those who "were employed by Defendant to process, package, and handle food for human consumption," which would not include employees in positions such as maintenance and sanitation. Plaintiff's First Amended Complaint, his sworn declarations, and Defendant's video and admissions make clear that Plaintiff and similarly situated employees worked in and around raw or cooked food on a daily basis.

Because all of the class members are directly involved in the processing, packaging, and handling of food for human consumption, they all have a "common theory" of Defendant's FLSA violation. That is, "they follow certain anticontamination protocol, including sterilizing their shoes upon entering the work location, donning their uniforms, sanitary and other protective equipment at work as required, washing their hands at designated handwashing stations, and

3

sanitizing their hands after washing them." These activities are tied to the duties that the employees are employed to perform and they cannot be eliminated without affecting the employees' ability to perform their job duties, including keeping food products safe from contamination and complying with federal law and other quality standards. Accordingly, the activities constitute compensable time, and Defendant's failure to compensate these employees for this time violates the FLSA. The only evidence contrary to this are Defendant's declarations, the credibility of which the Court is not to weigh at this stage, and a purported excerpt of Defendant's "policy," which is silent as to whether donning was required at work or permitted to be done at home.

As for Defendant's contention that Plaintiffs' allegations provide no basis to conclude that donning and doffing work took more than a '*de minimis*' amount of time, at this stage in the proceedings, however, "[i]t is well settled that no merits-based inquiry is appropriate." *Murton v. Measurecomp LLC*, No. 1:07CV3127, 2008 WL 5725631, at *5 (N.D. Ohio June 9, 2008). This includes inquiry into the *de minimis* nature of any alleged violations. *Bolden v. Wayne Farms, LLC*, Nos. 5:06-CV-2096-IPJ, 5:07-CV-639-IPJ, 2007 U.S. Dist. LEXIS 103968, at *78 n.3 (N.D. Ala. July 3, 2007) ("Additionally, Defendant alleges that the amount of time spent donning and doffing gear is *de minimis* .... However, these arguments go to the merits of Plaintiffs' claims and are not relevant to the issue of whether other similarly situated individuals are subject to the same 'unified policy, plan or scheme of discrimination.' ") (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001)).

Notice must be "timely, accurate, and informative." *Hoffmann-La Roche*, 493 U.S. at 172. Plaintiffs' proposed Notice and Consent to Join form is accurate and informative. Both the

4

proposed Notice and Consent to Join form advises putative collective members of the pending litigation, describes the legal and factual bases of Plaintiffs' claims, informs collective members of the right to opt in and that participation in the lawsuit is voluntary, and provides instructions on how to opt in.

In order to accurately, efficiently, and quickly facilitate the Court-authorized Notice and Consent to Join form, the Court **GRANTS** Plaintiff's Motion for Conditional Certification and Court-Authorized Notice, ECF 13, and Orders the following:

(a) The FLSA collective consisting of all former and current hourly employees of Defendant who engaged in foot bath disinfecting, donning, doffing, handwashing, hand sanitizing, and/or related travel and who worked 40 or more hours in any workweek from November 22, 2016 to the conclusion of this matter is conditionally certified under § 216(b);

(b) Notice shall be sent by United States mail and email;

(c) The Parties shall jointly submit within <u>14 days</u> a proposed Notice informing such present and former employees of the pendency of this collective action and permitting them to opt into the case by signing and submitting a Consent to Join Form;

(d) Defendant shall provide within <u>14 days</u> a Roster of such present and former employees that includes their full names, their dates of employment, and their last known home addresses and personal email addresses;

(e) Notice, in the form approved by the Court, shall be sent to such present and former employees within <u>30 days</u> using the home and email addresses listed in the Roster;

(f) Defendant shall provide a Declaration that the produced Roster fully complies with this Order; and

(g)     Finally, duplicate copies of the Notice may be sent in the event new, updated, or corrected mailing addresses or email addresses are found for one or more of such present or former employees.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, April 8, 2020.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE