IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **TODD COLEMAN**, on behalf of himself and others similarly situated, | ) ) ) | CASE NO. 3:19-cv-374 |
| Plaintiff, | ) ) ) | **JUDGE THOMAS M. ROSE** |
| v. | ) ) ) | **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| **TROPHY NUT CO.**, | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on the Parties' Joint Motion for Final Approval of Rule 23 Class Action Settlement ("Joint Motion"). The Joint Motion asks the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to grant final approval of the proposed class action settlement (the "Settlement") reached by the Parties and memorialized in the Class Action Settlement Agreement and Release (the "Agreement"). Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Agreement.[1]

Having reviewed the Joint Motion and its exhibits, the Agreement, the supporting declarations of the settlement administrator and Defendant's Counsel, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Order. In doing so, the Court finds as follows:

1. On November 22, 2019, Plaintiff filed this Action, alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay Plaintiff and other similarly situated employees for certain pre-

---

[1] ECF No. 31-1 at PAGEID #: 248 to 258.

shift compensable work, which resulted in the underpayment of overtime. Specifically, Plaintiff alleged that, pursuant to a companywide policy, Defendant did not pay him and other hourly workers for time spent donning sanitary clothing, engaging in mandatory anti-contamination steps, handwashing, and related walking. Plaintiff sought certification of a collective under Section 216(b) of the FLSA for Defendant's alleged FLSA violation and certification of a class under Fed. R. Civ. P. 23 for Defendant's alleged violation of Ohio law.

2. The Parties have exchanged and analyzed initial factual disclosures and timekeeping and payroll records. This document exchange enabled the Parties to understand and assess the detail and substance of their respective claims and defenses.

3. The Parties engaged in one and a half days of mediation with well-respected mediator Stephen P. Calardo, and on June 25, 2020, they filed their Joint Notice of Settlement.

4. On September 4, 2020, the Parties filed their Joint Motion for Final Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Action Settlement. The Court granted that motion on September 21, 2020.

5. The Parties filed the present Joint Motion on February 5, 2021. With their Joint Motion, the Parties attached a revised final payment list and declarations verifying that the Notice of Settlement was distributed to the Class Members in the form and manner previously approved by the Court, with all Class Members either getting at least, or more than, the amount identified on their respective Notices.

6. A Fairness Hearing was convened on February 17, 2021.

7. The issues in this case were contested. The Agreement was achieved with the assistance of a third-party neutral after good faith negotiations between the Parties' and their experienced counsel.

8. Class Members were given adequate notice of the pendency of the Action, the proposed settlement, and the date of the Fairness Hearing. The Notice of Settlement was reasonable and satisfied all of the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. There were no opt-outs and no objections.

9. With respect to the proposed Class Members, this Court finds that the proposed settlement satisfies the standard for final approval under Fed. R. Civ. P. 23(e). The proposed settlement satisfies the following requirements of Fed. R. Civ. P. 23(a): commonality, typicality, numerosity, and adequacy of representation. The proposed settlement also satisfies the requirement of predominance and superiority outlined in Fed. R. Civ. P. 23(b).

10. Representative Plaintiff is an adequate representative of the Class Members.

11. The proposed settlement is fair, reasonable and adequate to the Class Members, and qualifies for approval under Fed. R. Civ. P. 23(e).

12. The Court approves the Agreement and orders that it be implemented according to its terms and conditions.

13. The Court approves the method and calculation of the revised settlement payments and orders that they be distributed to the Claimants in the manner, and subject to the terms and conditions, set forth in the Agreement, and as attested in the Parties' declarations submitted in support of this motion and in support of their Joint Motion for Order of Final Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Action Settlement.

14. The Court approves the Service Payment to the Representative Plaintiff of **$2,500.00** and orders that it be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

15. The Court approves the payment of **$56,666.67** in attorneys' fees and **$6,153.05** in litigation costs to Class Counsel and orders that it be distributed to the Claimants in the manner, and subject to the terms and conditions, set forth in the Agreement.

16. The Court approves the payment of **$7,752.00** in administrative fees to the claims administrator, Analytics Consulting LLC.

17. The Court dismisses the claims of the Claimants with prejudice, and enters final judgment dismissing them from the action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order immediately.

18. The Court retains jurisdiction over this Action for purposes of enforcing the Agreement.

IT IS SO ORDERED this __17th__ day of __February__, 2021.

                                                *s/Thomas M. Rose*
                                                Thomas M. Rose
                                                United States District Court Judge